■ In the Matter of the Arbitration between JONES HIRSCH CONNORS & BULL, Respondent, and FRIEDMAN, CARNEY & WILSON et al., Appellants.—Order and judgment (one paper) of the Supreme Court, New York County (Myriam Altman, J.), entered August 16, 1989, which, *inter alia,* confirmed an arbitration award in petitioner's favor, and denied respondents' cross motion to vacate the arbitration award, unanimously affirmed, with costs.

This litigation arises out of the dissolution of a law firm. Petitioner's position is that respondents, in withdrawing from the law firm, failed to follow the procedures specified in the partnership agreement. During negotiations over the liquidation of the firm, both parties retained an accounting firm to advise them. A letter agreement between the parties concerning this accounting firm specified that if the matter eventually went to arbitration, an accountant from the firm could not be called to express any opinions on the interpretation of the partnership agreement. The agreement specified that the accountant could only be called as a witness by the arbitrator. The matter went to arbitration, and respondents attempted to call as a witness an accountant from that firm. Petitioner objected and the arbitrators precluded the testimony. The specific basis for the rejection of the testimony, however, was that the arbitrators did not need this expert testimony.

On the basis of this record, we reject respondents' argument that the arbitrators committed misconduct in excluding the testimony. It is well established that "an arbitrator is not

bound by principles of substantive law or by rules of evidence * * *. He may do justice as he sees it, applying his own sense of law and equity to the facts as he finds them to be * * *. His award will not be vacated * * * unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on his power" *(Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308, *rearg denied sub nom. Norris v Cooper,* 62 NY2d 803). In the case before us, whether the issue is framed in terms of interpretation of the letter agreement, or in terms of the arbitrators' conclusion that they did not require expert evidence, we see no basis on which to reverse. Respondents have failed to demonstrate that the decision to reject the expert evidence violated strong public policy, was irrational, or exceeded the powers of the arbitrator as set forth in the agreement between the parties. Concur—Murphy, P. J., Sullivan, Milonas and Smith, JJ.